UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELI LILLY AND COMPANY, *et al.*,

    Plaintiff,

v.

DOROTHY FINK, *et al.*,

    Defendant.

Civil Action No. 24-cv-3220 (DLF)

## **STIPULATED PROTECTIVE ORDER**

The administrative record in this action will likely include the disclosure of information claimed by a party or non-party to be Federal Protected Information, Protected Material, and Protected Attorneys Eyes Only Material (as defined herein). To permit the parties to discover and disclose information relevant to this case without disclosing Federal Protected Information, Protected Material, and Protected Attorneys Eyes Only Material to the public, and to afford the parties and third parties options to facilitate document productions while avoiding waivers of potential privileges, pursuant Federal Rule of Civil Procedure ("Rule") 26, the parties agree and it is hereby:

ORDERED that, pursuant to the terms of this Protective Order, the United States is authorized to produce unclassified information otherwise protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*); the Trade Secrets Act (18 U.S.C. § 1905); the Defense Authorization Act for Fiscal Year 2000 (10 U.S.C. § 130b); and other non-disclosure statutes that protect from release personal privacy, trade secret, or cost and pricing data (collectively "Federal Protected Information") without obtaining prior written consent of the individuals or entities to whom such records pertain provided that such information is reasonably related to this litigation. Nothing in

the Protective Order is intended to limit or preclude in any way the United States' rights to access and review documents containing Federal Protected Information;

ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

1. "Protected Material," as used herein, means information the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one or more of the following categories of information: (i) proprietary financial or commercial information or material, trade secrets, or other competitively sensitive information within the meaning of Rule 26(c)(1)(G) which, if revealed, would cause harm to the party's business interests; (ii) information kept in a United States system of records that is subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; (iii) information that Plaintiff is prohibited from releasing publicly pursuant to contracts with others or applicable statutes, regulations, or directives from the States or the Government; (iv) other Federal Protected Information that is not Protected Attorneys Eyes Only Material; and (v) any other personal privacy information protected from disclosure by law. Subject to the provisions of this Order, information produced will be deemed Protected Material when so designated in the manner described in this Order.

2. The designation of Protected Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the words "PROTECTED" or "CONFIDENTIAL," indicating the proprietary, sensitive, or confidential nature of the documents. Any party or third-party may also designate as Protected Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it. Stamping the words "PROTECTED" or "CONFIDENTIAL" on the cover of any multi-page document will designate all pages of the document as Protected Material unless otherwise indicated by the producing party or third-party. Any electronically stored information,

including electronically stored information produced in native file format, may be designated Protected Material or by affixing a label on the tape or disk consistent with the above or by embedding a "PROTECTED" or "CONFIDENTIAL" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

   3. "Protected Attorneys Eyes Only Material" as used herein means proprietary and confidential commercial information in the possession, custody, or control of the parties regarding third parties within the meaning of Rule 26(c)(1)(G) to which the non-governmental parties to this case do not currently have access, including information from third-parties to this lawsuit protected from disclosure by the Trade Secrets Act.  Subject to the provisions of this Order, information produced will be deemed Protected Attorneys Eyes Only Material when so designated in the manner described in this Order.

   4. The designation of Protected Attorneys Eyes Only Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the words "PROTECTED ATTORNEYS EYES ONLY" or "CONFIDENTIAL ATTORNEYS EYES ONLY," indicating the proprietary, sensitive, or confidential nature of the documents.  Any party or third-party may also designate as Protected Attorneys Eyes Only Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it.  Stamping the words "PROTECTED ATTORNEYS EYES ONLY" or "CONFIDENTIAL ATTORNEYS EYES ONLY" on the cover of any multi-page document will designate all pages of the document as Protected Attorneys Eyes Only Material unless otherwise indicated by the producing party or third-party.  Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Attorneys Eyes Only Material or by affixing a label on the tape or disk consistent with the above

or by embedding a "PROTECTED ATTORNEYS EYES ONLY" or "CONFIDENTIAL ATTORNEYS EYES ONLY" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

5. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Material or Protected Attorneys Eyes Only Material, or any electronic image or database containing Protected Material or Protected Attorneys Eyes Only Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

6. All materials produced by the parties and third parties in this case or any administrative proceeding that preceded it prior to the entry of this Protective Order and designated by the producing party or third-party as containing Protected Material or Protected Attorneys Eyes Only Material will also be subject to the terms of this Protective Order. Any such designation must be made within thirty days of the entry of this Protective Order by written notice by the designating party or third-party to the other parties of the specific materials so designated. All materials produced by the parties and third parties in this case prior to the entry of this Protective Order marked with a legend other than "PROTECTED" or "CONFIDENTIAL" but that indicates the proprietary, sensitive, or confidential nature of the information shall also be treated as Protected Material under this Order without any need for further designation or reproduction.

7. Testimony regarding Protected Material or Protected Attorneys Eyes Only Material taken at a deposition, conference, hearing, or trial, may be designated as Protected Material or Protected Attorneys Eyes Only Material, respectively, by counsel for the party or third-party that produced the underlying Protected Material or Protected Attorneys Eyes Only Material or by

counsel of a party to protect the interests of a third-party by making a statement to that effect on the record at the deposition or proceeding or in writing no later than thirty days after receipt of the final transcript of the proceeding.  Arrangements must be made with the Court for treatment of any such judicial proceedings.  Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Protected Material or Protected Attorneys Eyes Only Material and to label such portions appropriately.  Persons other than persons authorized to receive access to Protected Material or Protected Attorneys Eyes Only Material will be excluded from attendance during portions of depositions in this matter at which such Protected Material or Protected Attorneys Eyes Only Material is shown or discussed.

8. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Protected Material or Protected Attorneys Eyes Only Material must maintain such Protected Material or Protected Attorneys Eyes Only Material in their possession in a manner sufficient to protect such material against unauthorized disclosure.  This Order applies to all vendors, including without limitation, any copy service or document storage companies.  It is the responsibility of counsel of record to take reasonable steps to ensure that all its vendors comply with this Order.

9. Protected Material and Protected Attorneys Eyes Only Material will be used solely for the purpose of conducting litigation in this action, including settlement and appeals, and not for any business or other purpose whatsoever by any person having access to such material.

10. Protected Material and any copies thereof, and notes made therefrom, may be disclosed only (i) to current and former employees of and attorneys for the parties, (ii) to deposition or trial witnesses in connection with their actual or potential testimony, (iii) to persons retained

specifically to serve as an expert witness or consultant in this action, (iv) to persons regularly employed in or by such attorneys' offices or offices assisting such attorneys in this matter, or (v) to other persons as reasonably necessary for the preparation, trial, appeal or settlement of the case identified herein.

11. Protected Attorneys Eyes Only Material and any copies thereof, and notes made therefrom, may be disclosed only (i) to attorneys for the parties, including in-house counsel for the parties, (ii) to persons regularly employed in or by such attorneys' offices or offices assisting such attorneys in this matter, (iii) to persons retained specifically to serve as an expert witness or consultant in this action, or (iv) to court reporters incident to the performance of transcription services provided in the case.

12. Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Protected Material or Protected Attorneys Eyes Only Material consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction.

13. Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Protected Material or Protected Attorneys Eyes Only Material has been produced pursuant to this Protective Order and must (provided that there are no objections

interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the party designating the documents as Protected Material or Protected Attorneys Eyes Only Material of the Congressional entity's request and the United States' response thereto.

14. Any such person to whom Protected Material or Protected Attorneys Eyes Only Material is disclosed other than persons employed by counsel of record, the parties, and persons who obtain Protected Material pursuant to a Congressional request as set forth in Paragraph 13, must first be advised by the attorney making the disclosure that pursuant to this Protective Order such person may not divulge any such Protected Material or Protected Attorneys Eyes Only Material to any other person not authorized under Paragraph 10 and 11 above to have access to such Protected Material or Protected Attorneys Eyes Only Material. The attorney must secure from each such person a certification stating that such person has read the Protective Order and agrees to be bound by it. Such certification must be maintained in the possession of the attorney securing the certification until further order of the Court or ninety days following a final judgment in this action.

15. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Protected Material or Protected Attorneys Eyes Only Material must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

16. Counsel will endeavor to avoid revealing Protected Material or Protected Attorneys Eyes Only Material in any oral hearings before the Court, except for trial. If any counsel finds it

necessary to refer to Protected Material or Protected Attorneys Eyes Only Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and appropriate to prevent disclosure of Protected Material or Protected Attorneys Eyes Only Material as a consequence of such oral hearings to persons other than those authorized by this Order.

17. Further, in the event that any Protected Material or Protected Attorneys Eyes Only Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Material or Protected Attorneys Eyes Only Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Protected Material or Protected Attorneys Eyes Only Material in Court proceedings will be submitted to the Court for resolution.

18. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

19. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Protected Material or Protected Attorneys Eyes Only Material. Such objection must be made in writing and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production.

   a. Within fourteen days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the

objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that the designation is improper. On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

20. Within ninety days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the parties will undertake reasonable and prudent efforts to destroy or return to the producing party all Protected Material or Protected Attorneys Eyes Only Material; except that each party may maintain one copy of any Protected Material that is not Federal Protected Material in its master file for this case (to be clear, all Federal Protected Material and Protected Attorneys Eyes Only Material must be destroyed or returned by non-federal parties), and may maintain one copy of any notes or summaries containing such Protected Material in its master file for this case, provided that any copies of any Protected Material or notes or summaries containing such Protected Material clearly stamped "Material Subject by Protective Order" or affixed with another legend indicating that the materials are subject to this Protective Order.

21. In the event of a disclosure of Protected Material or Protected Attorneys Eyes Only Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Protected Material or Protected Attorneys Eyes Only Material has thus been disclosed of all relevant information concerning the nature and circumstances of such

disclosure. The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Protected Material or Protected Attorneys Eyes Only Material is made by anyone.

22. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

23. Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise.

24. Nothing contained herein restricts the parties' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

25. Nothing contained herein shall restrict a party from disclosing its own Protected Material or its own Protected Attorneys Eyes Only Material.

26. Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

27. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

28. Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind

any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

SO ORDERED:

_____                    _____
Date                                United States District Judge

<PARTIES' SIGNATURE PAGES TO FOLLOW>

Respectfully submitted,

| | |
|---|---|
| */s/ Draft*<br>John C. O'Quinn<br>Matthew S. Owen<br>Megan McGlynn<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue N.W.<br>Washington, D.C. 20004<br>(202) 389-5000<br>john.oquinn@kirkland.com<br>matt.owen@kirkland.com<br>megan.mcglynn@kirkland.com<br><br>Catherine E. Stetson (D.C. Bar No. 453221)<br>Jacob T. Young (D.C. Bar No. 90014334)<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street N.W.<br>Washington, D.C. 20004<br>(202) 637-5600<br>cate.stetson@hoganlovells.com<br>jake.young@hoganlovells.com<br><br>*Attorneys for Plaintiff* | EDWARD R. MARTIN, D.C. Bar #481886<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:  */s/ John J. Bardo*<br>  JOHN J. BARDO, D.C. Bar #1655534<br>  Assistant United States Attorney<br>  601 D Street, NW<br>  Washington, DC 20530<br>  (202) 870-6770<br><br>*Attorneys for the United States of America* |

Dated: January 31, 2025