**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, *et al.*,<br>　　　　*Plaintiffs*, | )<br>)<br>) | |
| v. | )<br>) | Case No. 24-CV-3220 (DLF) |
| ROBERT F. KENNEDY, JR., *et al.*,<br>　　　　*Defendants*. | )<br>)<br>) | |
| BRISTOL MYERS SQUIBB COMPANY,<br>　　　　*Plaintiff*, | )<br>)<br>) | |
| v. | )<br>) | Case No. 24-CV-3337 (DLF) |
| ROBERT F. KENNEDY, JR., *et al.*,<br>　　　　*Defendants*. | )<br>)<br>) | |
| SANOFI-AVENTIS U.S. LLC,<br>　　　　*Plaintiff*, | )<br>)<br>) | |
| v. | )<br>) | Case No. 24-CV-3496 (DLF) |
| UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, *et al.*,<br>　　　　*Defendants*. | )<br>)<br>)<br>) | |
| NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br>　　　　*Plaintiff*, | )<br>)<br>)<br>) | |
| v. | )<br>) | Case No. 25-CV-117 (DLF) |
| ROBERT F. KENNEDY, JR., *et al.*,<br>　　　　*Defendants*. | )<br>)<br>) | |
| KALDEROS, INC.,<br>　　　　*Plaintiff*, | )<br>)<br>) | |
| v. | )<br>) | Case No. 21-CV-2608 (DLF) |
| UNITED STATES OF AMERICA, *et al.*,<br>　　　　*Defendants*. | )<br>)<br>) | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE UNDER SEAL**

When Intervenors joined this case, they became parties to the Court's existing rulings, including the Stipulated Protective Order that requires Plaintiffs to maintain confidential business information and other commercially sensitive material under seal. No. 24-CV-3220, ECF No. 20 ¶ 15; *see also id.* ¶¶ 1, 3; No. 24-CV-3337, ECF No. 15 ¶ 15; *see also id.* ¶¶ 1, 3; No. 25-CV-117, ECF No. 10 ¶ 15; *see also id.* ¶¶ 1, 3.[1] The administrative record contains a range of information—belonging to Plaintiffs and non-parties alike—that falls within the Protective Order's scope. Adhering to those provisions and the Court's rule requiring the Joint Appendix to be submitted within fourteen days of the conclusion of briefing, Loc. Civ. Rule 7(n)(1), Plaintiffs submitted both public and sealed appendix volumes so the Court may timely review the basis for the agency's determination. Notably, the government agreed with Plaintiffs' proposed designations and sealing request.

Against that backdrop, Intervenors ignore "one of the most usual procedural rules"—"that an intervenor is admitted to the proceeding as it stands," and is not permitted to "compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). Intervenors in their opposition brief relegate the Protective Order to footnotes, all but disregarding its force while attempting to rewrite its requirements. Opp. 1 n.2, 6 n.8. And they make only a passing effort at complying with the Court's directive that "the intervenor-defendants *shall* highlight to the Court any specific portions of the administrative record, *with page numbers*,

---

[1] The government did not ask Plaintiff Sanofi-Aventis U.S. LLC ("Sanofi") to enter such a protective order in No. 24-CV-03496. But Sanofi still recognizes the commercially sensitive nature of the material at issue.

that they oppose filing under seal." Minute Order (May 5, 2025) (emphases added). *But cf.* Opp. 5 nn.6–7.

As for the specific portions of the record that Intervenors do highlight by page number, Plaintiffs have re-reviewed those pages in light of Intervenors' position and, in order to narrow the parties' dispute, take no issue with many of those pages being unsealed. The Court should accordingly permit Plaintiffs to file revised public and redacted volumes and, as modified, grant the motion to seal. Plaintiffs have attached a revised proposed order to this reply.

1. The sealing motion was shaped in part by the Government's decision to produce one administrative record that commingled documents from all cases challenging HRSA's rejection of manufacturers' proposed cash replenishment or rebate models, including *Johnson & Johnson Health Care Systems Inc. v. Becerra*, No. 24-cv-3188 (RC) (D.D.C. filed Nov. 12, 2024). For that reason, the record contains more information belonging to non-parties than it does belonging to Plaintiffs. And Plaintiffs are in no position to make page-by-page confidentiality determinations on behalf of non-parties without risking unauthorized disclosure of their information.

2. The Protective Order contemplates this exact issue, as it requires the parties to maintain confidential business information and other commercially sensitive material under seal. No. 24-CV-3220, ECF No. 20 ¶ 15; *see also id.* ¶¶ 1, 3; No. 24-CV-3337, ECF No. 15 ¶ 15; *see also id.* ¶¶ 1, 3; No. 25-CV-117, ECF No. 10 ¶ 15; *see also id.* ¶¶ 1, 3. Intervenors have not moved to modify that prior Order, and so the "existing Stipulation and Protective Order remains in effect and continues to govern these proceedings." *New York v. Microsoft Corp.*, No. 98-CV-1233, 2002 WL 318565, at *5 (D.D.C. Jan. 28, 2002). In light of the administrative record's broad inclusion of non-party materials, Plaintiffs sought to avoid inadvertently making non-parties' confidential information publicly available.

3. Plaintiffs' approach ensures the Court may timely review the relevant portions of the administrative record, while Intervenors invite protracted quarreling over confidentiality designations. The Court's local rules also required the Joint Appendix to be filed by May 2, Loc. Civ. Rule 7(n)(1), and a line-by-line redaction of the record in consultation with all potentially impacted non-parties would have unnecessarily delayed filing of the Joint Appendix—and as a result, the Court's resolution of the parties' summary-judgment motions. Plaintiffs are seeking a decision in advance of CMS's looming MFP effectuation plan deadline, with which certain manufacturers must comply.

4. As for the specific portions and page numbers of the administrative record that Intervenors oppose sealing, Plaintiffs have re-examined those pages and portions in light of Intervenors' objections. Following Plaintiffs' reassessment, and in order to minimize the parties' areas of dispute, Plaintiffs object to Intervenors' identified portions only in part:

a. **AR 288.** This material merits sealing because it is "confidential business information that should be kept private for competitive business reasons." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020); *see also Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 58 (D.D.C. 2021) (underscoring the presumption in favor of public access is overcome by the "stronger consideration" of "shielding . . . proprietary information from disclosure to avoid" parties "suffering competitive harm").

b. **AR 348–362, AR 364–379, AR 427, AR 537**. This material should be sealed because it reflects personal privacy information that must be maintained under seal pursuant to Paragraph 1 of the Stipulated Protective Order. *See also, e.g.*, *Thomas v. Moreland*, No. 18-CV-800 (TJK), 2024 WL 2846744, at *2 (D.D.C. June 4, 2024) (finding

3

"little difficulty concluding" under the *Hubbard* factors that individuals' contact information should remain sealed).[2]

      c. **AR 256–264, AR 270–282, AR 283–287, AR 289–291, AR 292–294, AR 295–304, AR 305, AR 309–315, AR 335–341, AR 428–438, AR 538–549, AR 575–579, AR 632–639**. Intervenors did not identify these specific pages until they filed their opposition brief. Instead, on the day the Joint Appendix was due, Intervenors objected to the entire sealing request without providing any detail. After additional review, Plaintiffs do not object to filing these pages on the public docket.

5. Intervenors do not identify any other "specific portions of the administrative record, with page numbers, that they oppose filing under seal." Minute Order (May 5, 2025). Nevertheless, their opposition appears to encompass the entire Joint Appendix. But a number of other documents in the Joint Appendix contain apparently confidential information that belongs to manufacturer-plaintiff Johnson & Johnson, which has a case pending before Judge Contreras, or to other non-parties. Plaintiffs do not understand Intervenors' opposition to purport to waive confidentiality on behalf of those non-parties, and Plaintiffs submit that those documents were properly submitted under seal consistent with the Protective Order.

For the foregoing reasons, the Court should grant leave to file the sealed volumes of the Joint Appendix—excepting the portions identified above in Paragraph 4(c)—under seal. Plaintiffs do not object to those specifically identified portions of the record being submitted on the docket

---

[2] Intervenors describe AR 348–362 and AR 364–379 as "public" or documents with information "shared publicly." Opp. 4 and Opp. 6 n.8. But the public versions of these documents were redacted to protect personal information. *See* Case No. 24-cv-3496 Complaint Exhibit A (Dkt. No. 1). If these documents are not maintained under seal, they should at least be redacted to protect personal information.

through a supplemental public submission. Plaintiffs have attached a revised proposed order to this reply.

Dated: May 15, 2025                                  Respectfully submitted,

                                                  */s/ Catherine E. Stetson*
John C. O'Quinn
Matthew S. Owen
Megan McGlynn
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 389-5000
john.oquinn@kirkland.com
matt.owen@kirkland.com
megan.mcglynn@kirkland.com

Catherine E. Stetson (D.C. Bar No. 453221)
Jacob T. Young (D.C. Bar No. 90014334)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-5600
cate.stetson@hoganlovells.com
jake.young@hoganlovells.com

*Attorneys for Plaintiffs Eli Lilly and Company and Lilly USA, LLC*


*/s/ Sean Marotta*
Sean Marotta (D.C. Bar No. 1006494)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-4881
Facsimile: (202) 637-5910
sean.marotta@hoganlovells.com

*Attorneys for Plaintiff Bristol Myers Squibb Company*

5

*/s/ Sean Marotta*
Sean Marotta (D.C. Bar No. 1006494)
Jacob T. Young (D.C. Bar No. 90014334)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-4881
sean.marotta@hoganlovells.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*


/s/ *Rajeev Muttreja*
Rajeev Muttreja (admitted pro hac vice)
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
rmuttreja@jonesday.com

Noel Francisco (D.C. Bar No. 464752)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
njfrancisco@jonesday.com


*Attorneys for Plaintiff Sanofi-Aventis U.S. LLC*

6

<u>/s/ *Paul J. Zidlicky*</u>
SIDLEY AUSTIN LLP
Paul J. Zidlicky (No. 450196)
pzidlicky@sidley.com
(Tel.): (202) 736-8013
1501 K Street, N.W.
Washington, DC 20005
(Tel.): (202) 736-8000
(Fax): (202) 736-8711

Trevor L. Wear (pro hac vice)
twear@sidley.com
(Tel.): (312) 853-7101
One South Dearborn
Chicago, IL 60603
(Tel.): (312) 853-7000
(Fax): (312) 853-7036

*Counsel for Plaintiff Kalderos, Inc.*
